IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 16-78-GF-BMM-JTJ |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | |
| SIK-SOO-KSIS-TSEE-KOO BULLSHOE, | |
| Defendant. | |

## I.  Synopsis

Defendant Sik-Soo-Ksis-Tsee-Koo Bullshoe (Bullshoe) has been accused of violating conditions of his supervised release. (Doc. 62). Bullshoe admitted the alleged violations. Bullshoe's supervised release should be revoked. Bullshoe should be sentenced to custody for 10 months, with no supervised release to follow.

## II.  Status

Bullshoe plead guilty on January 5, 2017, to the offense of Manslaughter, in violation of 18 U.S.C. Section 1153 (a), 1112 as charged in the Indictment. (Doc. 19). Bullshoe was sentenced to 50 months of custody followed by 3 years of supervised release. (Doc. 27). Bullshoe's current term of supervised release began on January 18, 2024.

### Petition

On May 1, 2024, the United States Probation Office filed a Petition requesting that the Court revoke Bullshoe's supervised release. (Doc. 62). The Petition alleged Bullshoe violated conditions of his supervised release by: (1) failing to comply with substance abuse testing requirements on March 26, 2024; (2) failing to comply with substance abuse testing requirements on March 30, 2024; (3) communicating or interacting with someone he knew was engaged in criminal activity on April 17, 2024; (4) using methamphetamine on April 19, 2024; and (5) failing to comply with substance abuse testing requirements on April 25, 2024.

### Initial Appearance

Bullshoe appeared before the Court on June 11, 2024. Bullshoe was represented by counsel. Bullshoe stated that he had read the Petition and that he understood the allegations against him. Bullshoe waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

### Revocation hearing

The Court conducted a revocation hearing on June 11, 2024. Bullshoe admitted that he had violated the conditions of supervised release as set forth in the Petition by: (1) failing to comply with substance abuse testing requirements on March 26, 2024; (2) failing to comply with substance abuse testing requirements on

March 30, 2024; (3) communicating or interacting with someone he knew was engaged in criminal activity on April 17, 2024; (4) using methamphetamine on April 19, 2024; and (5) failing to comply with substance abuse testing requirements on April 25, 2024.  The violations are serious and warrant revocation of Bullshoe's supervised release.

### Sentencing hearing

Bullshoe appeared before the Court on June 11, 2024.  The Court noted that Bullshoe had admitted to violating the terms of his supervised release as set forth above.  Bullshoe's violation is a Grade C violation.  His criminal history category is I.  Bullshoe's underlying offense is a Class C felony.  Bullshoe could be incarcerated for up to 24 months. Bullshoe could be ordered to remain on supervised release for 32 months less any custody time. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.   Analysis

Bullshoe's supervised release should be revoked.  Bullshoe should be sentenced to custody for 10 months, with no supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV.   Conclusion

The Court informed Bullshoe that the above sentence would be recommended to the Chief United States District Judge Brian Morris.  The Court also informed

Bullshoe of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Bullshoe that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Bullshoe stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS**:

> That SIK-SOO-KSIS-TSEE-KOO BULLSHOE, has violated the conditions of his supervised release by: (1) failing to comply with substance abuse testing requirements on March 26, 2024; (2) failing to comply with substance abuse testing requirements on March 30, 2024; (3) communicating or interacting with someone he knew was engaged in criminal activity on April 17, 2024; (4) using methamphetamine on April 19, 2024; and (5) failing to comply with substance abuse testing requirements on April 25, 2024.

The Court **RECOMMENDS:**

> That the District Court revoke Bullshoe's supervised release and sentence Bullshoe to custody for 10 months, with no supervised release to follow. The Court further recommends that Bullshoe serve his custodial sentence at FCI Englewood and that during his incarceration, the Bureau of Prisons consider Bullshoe for pre-release placement opportunities.

# NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. Section 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 11th day of June 2024.

_____
John Johnston
United States Magistrate Judge